IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| MYRA HULS )<br>4819 Scottsville Rd. )<br>Floyds Knobs, Indiana 47119 )<br>  )<br>       Plaintiff, )<br>  )<br>vs. )<br>  )<br>MARK DAVIS )<br>257 Wright Road )<br>Vonore, Tennessee 37885 )<br>  )<br>and )<br>  )<br>DAVIS FARMS, INC. )<br>A Tennessee Corporation Whose Agent )<br>For Service of Process Within the State )<br>Of Tennessee Is: )<br>DONALD E. MORTON )<br>Suite 1200 )<br>832 Georgia Ave. )<br>Chattanooga, TN 37402-2285 )<br>  )<br>       Defendants. ) | No._____ |

## COMPLAINT

Comes the Plaintiff, Myra Huls, by and through counsel, and files this Complaint, and for a cause of action against the Defendants, states as follows:

1. The Plaintiff, Myra Huls, is a citizen and resident of Floyd County, Indiana.

2. The Defendant, Mark Davis, is a citizen and resident of Monroe County, Tennessee and can be served with process at the address given above. The Defendant, David Farms, Inc., is a Tennessee corporation and can be served with process through

its agent for service of process at the address given above. The incident described herein occurred in Monroe County, Tennessee.

3. On or about September 25, 2016, the Plaintiff, Myra Huls, was an invitee on the premises of Defendant, Davis Farms, Inc. The Plaintiff was invited onto the premises by Defendants, Mark Davis and/or Davis Farms, Inc., to engage in activities including horseback riding.

4. The jurisdiction of this Court attaches under Title 28 U.S.C. §1332(a)(1), in that the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, and the parties are citizens of different states.

5. On or about September 25, 2016, the Defendants, Mark Davis and/or Davis Farms, Inc., owned a horse and riding equipment including, but not limited to, a bridle. The Defendants, Mark Davis and/or Davis Farms, Inc., were solely in charge of purchasing and placing an appropriate bridle on the horse and adjusting it to fit properly.

6. A type of bridle known as a Hackamore bridle was placed on the horse. The Hackamore bridle was not properly adjusted and fitted for the horse that Defendants had provided to the Plaintiff to ride. In addition, the chin strap on the bridle was missing. A Hackamore bridle was not an appropriate bridle for the horse the Plaintiff was riding.

7. On or about September 25, 2016, the Plaintiff was riding the horse purchased and owned by the Defendants, Mark Davis and/or Davis Farms, Inc. Defendants did not accompany Plaintiff on the ride. Due to the bridle being inappropriate and not fitting properly, the Plaintiff could not control the horse. As a

result, the horse became uncontrollable, rambunctious and subsequently bucked and caused the Plaintiff to be thrown to the ground.

8. The Defendants were negligent because:

(a) They failed to provide proper riding equipment on the horse the Plaintiff was riding;

(b) They failed to properly adjust the Hackamore bridle and make sure it had all parts so that it would be effective in controlling the horse the Plaintiff was riding;

(c) They failed to adequately warn the Plaintiff that the Hackamore bridle was improperly adjusted;

(d) They failed to adequately warn the Plaintiff that the Hackamore bridle would be ineffective in controlling the horse that Plaintiff was riding; and

(e) When questioned about the bridle, the Defendant, Mark Davis, advised the Plaintiff that the bridle was fine.

9. As a result of the fall, the Plaintiff was severely injured. These injuries have caused the Plaintiff to undergo much excruciating pain, weakness, and physical disabilities. As a result of her injuries, the Plaintiff has been unable to go about her normal everyday activities. She has had pain and suffering as a result of these injuries and will continue to have pain and suffering in the future. In addition, she has suffered extensively and was hospitalized for a long period of time.

10. As a result of the injuries the Plaintiff sustained, it was necessary for the Plaintiff to undergo medical treatment including extensive surgery on her fractured

Case 3:17-cv-00415-HSM-DCP   Document 1   Filed 09/19/17   Page 3 of 7   PageID #: 3

neck. Her injuries have interfered with her earning capacity, and will continue to interfere with her earning capacity in the future.

11. The Plaintiff's injuries are believed to be permanent in nature and will prevent the Plaintiff from going about her normal everyday activities for the remainder of her life. Plaintiff lost her business which was expected to provide her with income. She will need future medical treatment for these injuries.

12. The bridle provided by the Defendants, Mark Davis and/or Davis Farms, Inc. was in a defective condition and rendered it unsafe for normal or anticipated handling or use. In addition, the bridle used on this horse was unreasonably dangerous to the expected user when used in a reasonably expected or intended use or operation. The horse could not be controlled with the defective bridle, which led to the injuries Plaintiff sustained.

13. At all pertinent times hereunder, the Defendant, Mark Davis, was an agent, servant, and employee of Davis Farms, Inc., and was working within the scope of his employment. At all times hereunder, the Defendant, Mark Davis, was acting with the express permission and consent of the Defendant, Davis Farms, Inc. Pursuant to the Doctrine of Respondeat Superior, the Defendant, Davis Farms, Inc., is liable for the damages caused by the negligence of its agent, servant, and employee, Mark Davis.

14. Plaintiff alleges that the Defendants are liable for the above-mentioned damages both jointly and severally.

15. The Defendants knew or should have known that the bridle provided to the Plaintiff was not safe for use by the Plaintiff and more specifically by the Plaintiff

Page **4** of **7**

Case 3:17-cv-00415-HSM-DCP  Document 1  Filed 09/19/17  Page 4 of 7  PageID #: 4

considering the horse that she was riding.

16. As result of her injuries, the Plaintiff has incurred substantial medical bills for treatment of her injuries and will incur additional substantial medical bills for future treatment.

17. Plaintiffs seek a judicial determination of their legal rights with respect to Tenn. Code Ann. § 29-39-102, as well as a judicial determination that Tenn. Code Ann. § 29-39-102 violates the *Tennessee Constitution*, pursuant to *Tennessee's Declaratory Judgments Act*, Tenn. Code Ann. § 29-14-102.

18. Plaintiffs have alleged injuries compensable only through non-economic damages, which, based upon severity, experience before the Tennessee courts and Tennessee juries in cases of similarly significant injuries, greatly exceed the applicable limitations on such damages under Tenn. Code Ann. § 29-39-102.

19. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the Plaintiffs' fundamental and "inviolate" right to a trial by jury, guaranteed in Article 1, § 6 of the *Tennessee Constitution*, by supplanting the jury's determination of facts proven at a fair and proper trial, namely, appropriate compensation, and substituting a legislative determination, divorced from the facts of the case, that overrides the jury's constitutionally guaranteed determination of those facts.

20. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the separation of powers mandated by Article II, §§ 1 & 2 of the *Tennessee Constitution* by permitting the General Assembly to require judges to enter

Case 3:17-cv-00415-HSM-DCP   Document 1   Filed 09/19/17   Page 5 of 7   PageID #: 5

judgment at odds with a jury's fair and proper verdict and the record developed in the case, as well as arrogate to itself the judicial power to suggest remittitur, and by permitting the General Assembly to impermissibly encroach upon the adjudicative function of the judicial branch.

21. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the Plaintiffs' fundamental right to a full remedy, guaranteed in Article 1, §§ 8 and 17 of the *Tennessee Constitution*.

22. Defendants have a real interest, adverse to Plaintiffs, in having the cap under Tenn. Code Ann. § 29-39-102 applied to limit the damages and their liability in this case.

23. Pursuant to Tenn. Code Ann. § 29-14-107, a copy of this Complaint is being served on the Attorney General of the State of Tennessee, notifying the State of Tennessee Attorney General that Plaintiffs are challenging the constitutionality of Tenn. Code Ann. § 29-39-102.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, for reasonable compensation in an amount not to exceed Seven Million, Five Hundred Thousand Dollars ($7,500,000.00) and demands a jury to try this cause and her costs.

THIS the 19th day of September, 2017.

_____
FARRELL A. LEVY (BPR# 1326)
Attorney for Plaintiff

Page **6** of **7**

Case 3:17-cv-00415-HSM-DCP   Document 1   Filed 09/19/17   Page 6 of 7   PageID #: 6

MCDONALD, LEVY & TAYLOR
Attorney at Law
10805 Kingston Pike, Suite 200
Knoxville, Tennessee 37934
(865) 966-4343